UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARDEN JOHN ARCHER,                              Civil No. 06-4248 (DSD/SRN)

        Petitioner,
v.                                              REPORT AND RECOMMENDATION

ROBERT HOUSTON, Nebraska Dept.
Corr. for JOAN FABIAN, Commissioner of
Corrections Minnesota Department of
Corrections,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In June 1998, a Minnesota state court jury found Petitioner guilty on multiple counts of burglary and aggravated robbery. He was found to be a "career offender" under Minnesota law, and was sentenced to 60 years in prison. He is currently serving his sentence at a prison in Tecumseh, Nebraska.

Petitioner filed a direct appeal following his conviction and sentence, and his case was reviewed by the Minnesota Court of Appeals. The Court of Appeals affirmed

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's conviction, but reduced his sentence to 40 years. State v. Archer, No. C3-98-1968 (Minn.App. 1999), 1999 WL 1256432 (unpublished opinion), [hereafter "Archer I"]. The Minnesota Supreme Court denied Petitioner's application for further review on March 14, 2000.

On March 12, 2001, Petitioner filed his first pro se post-conviction motion in the state trial court.[2] In that motion, Petitioner argued that his sentence should be vacated pursuant to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The trial court denied Petitioner's motion, and he then filed another appeal. The Minnesota Court of Appeals concluded that Petitioner's post-conviction motion was properly denied, because he was not entitled to any relief under Apprendi. Archer v. State, No. C3-02-82 (Minn.App. 2002), 2002 WL 1424555 (unpublished opinion), [hereafter "Archer II"]. The Minnesota Supreme Court denied Petitioner's request to review that decision on September 17, 2002.

On September 10, 2004, Petitioner filed a second post-conviction motion, this time challenging his sentence based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). He also argued that his criminal history had been miscalculated at the time of his sentencing, and he asked to have a new judge appointed to re-determine his sentence. The trial court denied Petitioner's second post-conviction motion, and he then filed yet another appeal. The State Court of Appeals rejected Petitioner's Blakely arguments, because Blakely is not retroactively applicable on collateral review. Petitioner's other arguments also were rejected, and his sentence was again reaffirmed. Archer v. State, No. A04-2280 (Minn.App. 2005), 2005 WL 1869669 (unpublished opinion), [hereafter

---

[2] The chronology of Petitioner's state criminal proceedings is set forth in a docket sheet submitted by Petitioner. (Docket No. 5.)

"Archer III"]. Petitioner's request for further review was denied by the Minnesota Supreme Court on October 26, 2005.

On October 20, 2006, Petitioner filed his current federal habeas corpus petition, which lists four grounds for relief:

(1) that Petitioner was deprived of his constitutional rights because the prosecution allegedly failed to disclose certain evidence that would have been favorable to his defense;

(2) that Petitioner's sentence should be vacated pursuant to Blakely;

(3) that the state courts allegedly misapplied the Minnesota state sentencing statutes; and

(4) that the trial court judge wrongly failed to remove himself from Petitioner's case. (Petition, [Docket No. 1], pp. 5-8, ¶ 12.)

However, the Court cannot consider any of Petitioner's claims on the merits, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by individuals who are in custody pursuant to a state court judgment. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the

>   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clause (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion Petitioner's claims are based on any new evidence that could not have been discovered earlier.

The Court also finds that § 2244(d)(1)(C) does not apply here, even for Petitioner's claims based on Apprendi and Blakely, because those cases did not establish a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. Although Apprendi and Blakely did establish a new rule of constitutional law, (i.e., that factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. United States v. Moss, 252 F.3d 993, 999-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002); United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005) (per curiam) (unpublished opinion).

Because neither Apprendi nor Blakely is retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when either of those cases was decided. See Alexander v. Addison, 164 Fed.Appx. 780,

781 (10th Cir.) (unpublished opinion) (statute of limitations for prisoner's Blakely claim did not begin to run when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely is not retroactively applicable on collateral review), cert. denied, 127 S.Ct. 64 (2006); Paige v. Birkett, No. 05-CV-71917-DT (E.D.Mich. 2006), 2006 WL 273619 at *3 (habeas petitioner "cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period, because the Supreme Court did not indicate in Blakely that its decision was being made retroactive to cases on collateral review"); Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6  ("§ 2244(d)(1)(C) does not serve to delay the date that the statute of limitations began to run as to petitioner's claim that his sentence violates Blakely..., because Blakely is not retroactively applicable to cases on collateral review"); Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review).

The Court has also considered whether the beginning of the one-year statute of limitations period was delayed pursuant to § 2244(d)(1)(B), because of some "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  Petitioner has argued that between his first and second post-conviction motions, the State impeded his efforts to challenge his conviction and sentence, by transferring him to different prisons, and depriving him of access to his legal papers.  This argument is not well-presented, and, more importantly, it would be unavailing even if it were well-presented.

There is no suggestion that any alleged state-created "impediment" affected

Petitioner before he filed his first post-conviction motion, or after he filed his second post-conviction motion. Therefore, even if Petitioner's impediment argument were credible, the Court would find, at most, that the statute of limitations should be tolled between, (as well as during), his first and second post-conviction proceedings. The potential effect of such tolling will be considered below, but the Court rejects any suggestion that the starting date of the one-year habeas statute of limitations was delayed because of any alleged state-created impediment that occurred between the two post-conviction proceedings.

Thus, the Court finds that the commencement of the one-year statute of limitations is not affected by the provisions of clauses (B), (C) or (D) of § 2244(d)(1). This means that the limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction and sentence was upheld on direct appeal by the Minnesota Supreme Court on March 14, 2000. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final," and the one-year federal habeas statute of limitations began to run, on June 12, 2000 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal.

The Court recognizes, of course, that the one-year habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a state prisoner files a state post-conviction motion. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, Petitioner contends that, pursuant to the § 2244(d)(2) tolling provision, he "shut[ ] the one year time frame off" on March 5, 2001, by filing his first post-conviction motion.[3] The Court agrees that the statute of limitations was tolled as of March 5, 2001.[4] Furthermore, in light of Petitioner's impediment argument, (discussed above), the Court will presently assume that the statute of limitations was tolled, because of a state-created impediment, during the entire period of time between the end of the first post-conviction action, and the beginning of the second such action. In other words, the Court will consider the statute of limitations to have been tolled from March 5, 2001, (when Petitioner filed his first post-conviction motion), until October 26, 2005, (when Petitioner's second post-conviction motion was finally rejected by the Minnesota Supreme Court).

However, even if it is assumed that the one-year statute of limitations was "shut off" for the entire period of time during and between Petitioner's first and second post-conviction motions – i.e., from March 5, 2001, until October 26, 2005 – Petitioner's current federal

---

[3] This contention appears at p. 5 of Petitioner's "Affidavit to Coorect [sic] and Verify Procedural History," dated December 1, 2004. (Docket No. 5.)

[4] The state court docket sheet that Petitioner has submitted, (Docket No. 5), shows that his first post-conviction motion was not filed with the state trial court until March 12, 2001. For present purposes, however, the Court will accept Petitioner's contention that he actually submitted the post-conviction motion a week earlier, on March 5, 2001.

habeas corpus petition is still time-barred. Even with the benefit of that generous assumption, the statute of limitations still ran for a total of more than one year – first, for 265 days between June 12, 2000, (when Petitioner's conviction and sentence became final on direct appeal), and March 5, 2001, (when Petitioner tolled the statute by filing his first post-conviction motion); and then again for another 356 days between October 26, 2005, (when Petitioner's second post-conviction motion was completed), and October 18, 2006, (when Petitioner finally filed his current federal habeas petition).[5] Thus, the Court finds that the statute of limitations was running in this case for <u>a minimum</u> of 621 days – 265 days before the first post-conviction proceeding was filed, plus 356 days after the second post-conviction proceeding was completed.[6] Because the statute of limitations was running for a total of more than 365 days (one year), before the present petition was filed, this action is untimely.

Petitioner may believe that his two state post-conviction motions did not merely toll

---

[5] Because Petitioner is a prisoner, he is entitled to the so-called "mail-box rule," (see <u>Nichols v. Bowersox</u>, 172 F.3d 1068, 1077 (8th Cir. 1999)), which means that his current petition is deemed to be filed on the date when he gave it to prison officials for delivery to the Court, rather than the date when it was actually received and filed by the Clerk. The petition is dated October 18, 2006, and that obviously is the earliest date when Petitioner could have given it to prison officials for mailing. Therefore, for purposes of § 2244(d), the present petition was filed – and the statute of limitations finally stopped running – on October 18, 2006.

[6] As discussed above, it is extremely doubtful that Petitioner is actually entitled to have the statute of limitations tolled between the end of his first state post-conviction action on September 17, 2002, and the filing of his second state post-conviction action in August 2004. Without the benefit of that doubtful additional tolling period, almost two additional years would have to be added to the time when the statute of limitations was running in this case.

the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until the last of his state post-conviction proceedings were complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."  <u>Cordle v. Guarino</u>, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[7]  The statute of limitations was running in this case from the date when his conviction and sentence became final on direct appeal, (June 12, 2000), until the date when he filed his first post-conviction motion, (March 5, 2001).  Petitioner's subsequent post-conviction proceedings did not somehow take that time off the statute of limitations clock.  Thus, as calculated above, the statute of limitations was running in this case for <u>at least</u> 621 days – 265 days before any post-conviction proceedings were started, and 356 days after all post-conviction proceedings were completed.

## III.  CONCLUSION

---

[7]  As explained in <u>Sorce v. Artuz</u>, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

<u>See</u> also <u>Lucidore v. New York State Div. of Parole</u>, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), <u>aff'd</u> 209 F.3d 107 (2nd Cir.), <u>cert</u>. <u>denied</u>, 532 U.S. 873 (2000); <u>Broom v. Garvin</u>, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

For the reasons discussed above, the Court finds that this action is untimely. The criminal conviction and sentence that Petitioner is challenging became final, for purposes of the federal habeas statute of limitations, on June 12, 2000. Giving Petitioner the benefit of a very dubious assumption, the Court has considered the limitations period to have been tolled during the entire period of time between the date when he filed his first state post-conviction motion, (March 5, 2001), and the date when his second state post-conviction motion was fully completed, (October 26, 2005). The statute of limitations then started to run again, (but not anew), until Petitioner filed his present petition on October 18, 2006. Thus, the statute ran for 265 days before the first post-conviction action was filed, and 356 days after the second post-conviction action was completed – a total of 621 days. Because the total number of days that the statute was running exceeds one year, this action is time-barred.

Having determined that it is now too late for Petitioner to seek federal habeas corpus review of his conviction and sentence, the Court will recommend that this action be summarily dismissed pursuant to Rule 4. The Court will further recommend that Petitioner's various collateral motions, i.e., his two applications to proceed in forma pauperis, and his request for appointment of counsel, (Docket Nos. 2, 4, and 8), be summarily denied.

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

   2.  Petitioner's requests for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), be DENIED;

   3. Petitioner's motion for appointment of counsel, (Docket No. 8), be DENIED; and

   4.  This action be DISMISSED WITH PREJUDICE.


Dated:   December 14, 2006

   s/ Susan Richard Nelson
   SUSAN RICHARD NELSON
   United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 3, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.